Kevin N. Anderson, 0100
Scott M. Petersen, 7599
FABIAN & CLENDENIN,
  a Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah  84111-2323
Telephone:  (801) 531-8900
Facsimile:  (801) 596-2814
kanderson@fabianlaw.com
spetersen@fabianlaw.com

*Attorneys for Defendant Sparxent, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAVID R. TAYLOR, | **ANSWER** |
| Plaintiff, | |
| vs. | Case No. 2:10cv0l007 |
| SPARXENT, INC., a Delaware corporation, | District Judge: Clark Waddoups |
| Defendant. | |

Defendant Sparxent, Inc., ("Sparxent") answers the Complaint filed by Plaintiff David R. Taylor as follows:

1. Based on information and belief, Defendant admits the allegations in paragraph 1.

2. Responding to the allegations in paragraph 2, Defendant admits that Sparxent is a corporation organized and existing under the laws of the State of Delaware. Defendant denies the remaining allegations in paragraph 2.  Defendant alleges that its principal place of business is in California.

## JURISDICTION AND VENUE

3.     Defendant denies the allegations in paragraph 3.  Defendant alleges that this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

4.     Defendant denies the allegations in paragraph 4.  Defendant alleges that venue in this Court is founded on 28 U.S.C. § 1391(a)

## GENERAL ALLEGATIONS

5.     Responding to the allegations in paragraph 5, and without admitting that Defendant is bound by the Employment Agreement, Defendant admits that a copy of an Employment Agreement is attached to the Complaint as Exhibit A.  The agreement speaks for itself.  As to the remaining allegations in paragraph 5, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

6.     Responding to the allegations in paragraph 6, and without admitting that Defendant is bound by the Employment Agreement, Defendantasserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 6 that are inconsistent with the Employment Agreement.

7.     Responding to the allegations in paragraph 7, and without admitting that Defendant is bound by the Employment Agreement, Defendantasserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 7 that are inconsistent with the Employment Agreement.

8.	Responding to the allegations in paragraph 8, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 8 that are inconsistent with the Employment Agreement.

9.	Responding to the allegations in paragraph 9, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 9 that are inconsistent with the Employment Agreement.

10.	Responding to the allegations in paragraph 10, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 10 that are inconsistent with the Employment Agreement.

11.	Responding to the allegations in paragraph 11, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 11 that are inconsistent with the Employment Agreement.

12.	Responding to the allegations in paragraph 12, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 12 that are inconsistent with the Employment Agreement.

13.	Defendant denies the allegations in paragraph 13.

14. Responding to the allegations in paragraph 14, Defendant admits that Mr. Taylor was told that his Sparxent email account would be discontinued on October 23, 2009. Defendant denies the remaining allegations in paragraph 14.

15. Responding to the allegations in paragraph 15, and without admitting that Defendant is bound by the Employment Agreement, Defendant admits that Mr. Taylor's counsel sent Sparxent a letter dated October 29, 2009. Defendant admits that a copy of a letter dated October 29, 2009 from Mr. Taylor's counsel is attached to the Complaint as Exhibit B. Defendant asserts that the Employment Agreement speaks for itself. Defendant denies all allegations in paragraph 15 that are inconsistent with the Employment Agreement. Defendant asserts that the October 29, 2009 letter speaks for itself. Defendant denies all allegations in paragraph 15 that are inconsistent with the October 29, 2009 letter. Defendant denies the remaining allegations in paragraph 15.

16. Responding to the allegations in paragraph 16, and without admitting that Defendant is bound by the Employment Agreement, Defendant admits that Ed Ekstrom called Mr. Taylor after receipt of the October 29, 2009 letter. Defendant denies the remaining allegations in paragraph 16.

17. Responding to the allegations in paragraph 17, and without admitting that Defendant is bound by the Employment Agreement, Defendant is currently without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 17. Accordingly, Defendant currently has no basis to deny the allegations in paragraph 17, but reserves the right to deny the allegations in the event facts become known through discovery.

18. Responding to the allegations in paragraph 18, and without admitting that Defendant is bound by the Employment Agreement, Defendant is currently without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 18. Accordingly, Defendant currently has no basis to deny the allegations in paragraph 18, but reserves the right to deny the allegations in the event facts become known through discovery.

19. Responding to the allegations in paragraph 19, and without admitting that Defendant is bound by the Employment Agreement, Defendant is currently without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

20. Defendant denies the allegations in paragraph 20.

21. Responding to the allegations in paragraph 21, and without admitting that Defendant is bound by the Employment Agreement, Defendant is currently without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 21. Accordingly, Defendant currently has no basis to deny the allegations in paragraph 21, but reserves the right to deny the allegations in the event facts become known through discovery.

22. Defendant denies the allegations in paragraph 22.

23. Responding to the allegations in paragraph 23, and without admitting that Defendant is bound by the Employment Agreement, Defendant admits that Mr. Taylor's counsel sent Sparxent a letter dated March 10, 2010. Defendant admits that a copy of a letter dated March 10, 2010 from Mr. Taylor's counsel is attached to the Complaint as Exhibit C. Defendant asserts that the Employment Agreement speaks for itself. Defendant denies all allegations in paragraph 23 that are inconsistent with the Employment Agreement. Defendant asserts that the

March 10, 2010 letter speaks for itself.  Defendant denies all allegations in paragraph 23 that are inconsistent with the March 10, 2010 letter.  Defendant denies the remaining allegations in paragraph 23.

      24.      Defendant denies the allegations in paragraph 24.

## FIRST CAUSE OF ACTION
### Breach of Contract

      25.      Defendant reincorporates and re-alleges its responses to paragraphs 1 through 24 of the Complaint as though fully set forth herein.

      26.      Responding to the allegations in paragraph 26, and without admitting that Defendant is bound by the Employment Agreement, Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations, and therefore denies those allegations.

      27.      Responding to the allegations in paragraph 27, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself.  Defendant denies all allegations in paragraph 27 that are inconsistent with the Employment Agreement.

      28.      Defendant denies the allegations in paragraph 28.

      29.      Responding to the allegations in paragraph 29, and without admitting that Defendant is bound by the Employment Agreement, Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies those allegations.

      30.      Defendant denies the allegations in paragraph 30.

      31.      Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

## SECOND CAUSE OF ACTION
### Breach of Covenant of Good Faith and Fair Dealing

33. Defendant reincorporates and re-alleges its responses to paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. Responding to the allegations in paragraph 34, and without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement speaks for itself. Defendant denies all allegations in paragraph 27 that are inconsistent with the Employment Agreement. Defendant asserts that the allegations in paragraph 34 are, in part, legal conclusions to which no response is required. To the extent it does allege facts, they are denied by Defendant. Defendant denies the remaining allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

## AFFIRMATIVE DEFENSES

Defendant asserts that it only bears the burden of proof on those matters set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. Defendant sets forth its affirmative defenses to the Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because his employment was "at will". Accordingly, he could be terminated at any time, with or without cause, and with or without notice.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.  Without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement was executed at a time when Plaintiff was an officer and director of a corporation that was Defendant's predecessor in interest.  Based upon information and belief, Plaintiff signed Mr. DeWindt's employment agreement on behalf of VARCity, Inc. and Mr. DeWindt signed Plaintiff's Employment Agreement on behalf of VARCity, Inc.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of self dealing and unclean hands.  Without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement was executed at a time when Plaintiff was an officer and director of a corporation that was Defendant's predecessor in interest.  Based upon information and belief, Plaintiff signed Mr. DeWindt's employment agreement on behalf of VARCity, Inc. and Mr. DeWindt signed Plaintiff's Employment Agreement on behalf of VARCity, Inc.

### FOURTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims is barred by the doctrines of accord and satisfaction or novation.  As Plaintiff was an at-will employee, fully aware of the financial condition of the company, and shareholders, his continued performance of his job duties constituted an accord and satisfaction in that his intention and that of the company was to agree that a different performance would be made in substitution of the duties of their prior agreement, written or otherwise.  Thus, the Plaintiff no longer has the legal right to seek recovery from the defendant for alleged breaches prior to the accord and satisfaction.  In the alternative, Plaintiffs

and the company agreed to a substitute set of employment terms and conditions (i.e., a novation) that would govern the Parties' relationship going forward.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for Plaintiff's failure to mitigate his damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to perform his employment in a proper manner, he was absent, and he failed to obtain the requisite knowledge and skills to adequately perform his job duties.

### SEVENTH AFFIRMATIVE DEFENSE

Arbitration is the exclusive remedy.  Without admitting that Defendant is bound by the Employment Agreement, Defendant asserts that the Employment Agreement mandates that any dispute or controversy arising out of, relating to, or in connection with the Employment Agreement, or the interpretation, validity, construction, performance, breach, or termination thereof, shall be settled by binding arbitration.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant may have other affirmative defenses not currently known to it but which may become known through discovery.  Defendant reservesthe right to allege such affirmative defenses as they become known.

WHEREFORE, having fully answered, Defendants respectfully request that the Court:

1. Enter judgment dismissing Plaintiff's Complaint;

2. Deny the demands and prayer for relief contained in the Complaint;

      3.      Award Defendant its costs, including reasonable attorney fees, incurred in the defense of this action as provided for by law; and

      4.      Grant such other relief as the Court deems just and proper.

DATED this 21st day of October, 2010.

      s/Kevin N. Anderson
      Kevin N. Anderson, Esq.
      Scott M. Petersen, Esq.
      Fabian & Clendenin,
        a Professional Corporation
      Attorneys for Defendant Sparxent, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2010, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

      Matthew M. Durham
      mmdurham@stoel.com
      Cameron L. Ward
      clward@stoel.com
      Stoel Rives LLP
      201 S. Main Street, Suite 1100
      Salt Lake City, Utah  84111

      s/Kevin N. Anderson

4836-8070-6311, v. 1