IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID R. TAYLOR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SPARXENT, INC., a Delaware corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR A FED.R.CIV.P. 56(d) CONTINUANCE AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No. 2:10-CV-1007 TS |

Plaintiff filed his Motion for Summary Judgment on December 9, 2010, seeking judgment in his favor on all claims. Defendant opposes Plaintiff's Motion for Summary Judgment and has also filed a Motion for a Fed.R.Civ.P. 56(d) Continuance. For the reasons set forth below, the Court will grant Defendant's 56(d) Motion and will deny, without prejudice, Plaintiff's Motion for Summary Judgment.

1

## I. BACKGROUND

Plaintiff brings this action against Defendant, his former employer, alleging breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff alleges that under an employment agreement he is entitled to certain severance benefits if he is terminated without "cause" or if he resigns for "good reason." Plaintiff further alleges that he was either terminated without cause or resigned for good reason and that Defendant has failed to fulfill its obligations under the employment agreement to provide him with those severance benefits. Plaintiff has now moved for summary judgment, seeking judgment in his favor.

Defendant opposes summary judgment on the merits and also requests a continuance under Fed.R.Civ.P. 56(d). Defendant supports its 56(d) Motion with the declarations of a member of the Board of Directors of Sparxent, the CFO of Sparxent, and the belatedly filed declaration of counsel.[1] Between these declarations, Defendant requests additional time to conduct discovery on a number of issues, including: the validity of the employment contract; whether Plaintiff performed under the contract; whether Plaintiff was terminated for "cause" under the contract; and the amount, if any, of Plaintiff's damages. Defendant has provided the names of witnesses it believes will have information relevant to these issues, the steps it has taken to contact these individuals, and the reasons that it has been unable to complete discovery.

---

[1] As the declaration of counsel was not filed until Defendant's reply brief, the Court has permitted Plaintiff to file a surreply. *See* Docket No. 31.

## II.  DISCUSSION

Fed.R.Civ.P. 56(d), formerly Rule 56(f), states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[2]  "A party seeking to defer a ruling on summary judgment under Rule [56(d)] must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented.  This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'"[3]  "[T]he nonmovant also must explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact."[4]  A party may not invoke Rule 56(d) "by simply stating that discovery is incomplete but must 'state with specificity how the additional material will rebut the summary judgment motion.'"[5]

The Court finds that Defendant has met its burden under Rule 56(d).  As set forth above, Defendant has set forth the probable facts not available, why those facts cannot be presented currently, the steps taken to obtain those facts, and how additional time will allow Defendant to

---

[2] Fed.R.Civ.P. 56(d).

[3] *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)) (alteration in original).

[4] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (quotation marks and citation omitted).

[5] *Libertarian Party of N.M.*, 506 F.3d at 1308-09 (quoting *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)).

obtain the facts necessary to oppose Plaintiff's Motion for Summary Judgment. Therefore, the Court will grant Defendant's Motion under Rule 56(d).

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for a Fed.R.Civ.P. 56(d) Continuance (Docket No. 14) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 7) is DENIED WITHOUT PREJUDICE.

The hearing set for April 6, 2011, is STRICKEN.

DATED   March 22, 2011.

                              BY THE COURT:

                              _____
                              TED STEWART
                              United States District Judge